## Beggs v. State Workmen's Insurance Fund et al.

Before Aponick, Flannery, Lewis and Pinola, JJ.

*A. C. F. Kenowski,* for claimant.

*Andrew J. Zawoiski, Ralph H. Behney* and *C. A. Whitehouse,* for State Workmen's Insurance Fund.

LEWIS, J., June 10, 1954.—This matter comes before us on appeal by defendant State Workmen's Insurance Fund from an opinion of the Workmen's Compensation Board affirming an award of the referee in an occupational disease case. The referee found that claimant, an employe at Retreat State Hospital, was employed in practical nursing duties under the supervision of nurses; that he was exposed to a tuberculosis hazard from March 10, 1952, until January 24, 1953; that as a result of such exposure he became totally disabled on February 2, 1953, by minimal pulmonary active tuberculosis.

Defendant's appeal is founded on its contention that

the Workmen's Compensation Board erred in finding that claimant was engaged in the occupation of nursing as required by section 108(m) of the Occupational Disease Act, and that it further erred in finding that claimant contracted tuberculosis in a hospital or sanitaria involving an exposure to such diseases as required by section 108(m) of the Occupational Disease Act.

At the hearing before the referee, claimant presented testimony on his behalf by Dr. Howard T. Fiedler, superintendent of Retreat State Hospital, and Dr. Irvin E. Rosenberg, consultant in tuberculosis at Retreat State Hospital. No testimony was offered on behalf of defendant.

After a careful examination of the testimony in this case, we are satisfied that the record contains competent and substantial evidence, sufficient to sustain the board's finding of fact, and the board being the ultimate fact-finding body, we are not at liberty to disturb its findings: Dias v. Jones and Laughlin Steel Corporation, Appellant, 170 Pa. Superior Ct. 608.

Clause (m) of section 108 of the Occupational Disease Act, which section defines compensable diseases, was added by the Act of July 19, 1951, P. L. 1089, and reads as follows:

"(m) Tuberculosis in the occupation of nursing in hospitals or sanitaria involving exposure to such disease."

Appellant takes exception to the finding that claimant, an attendant or psychiatric aid, was engaged in the occupation of nursing within the meaning of that clause. Under the testimony in the record before us, we feel that the board was entirely correct in holding, as it has held previously under similar factual situations, that claimant was engaged "in the occupation of nursing" within the meaning of section 108(m) of the Occupational Disease Act.

Logic and reason militate against restricting the

application of section 108 (*m*) to registered or trained nurses. Nursing of the sick predates formal registry of nurses and training as we know it today. Florence Nightingale, following her return from the Crimean War, established the first nurses' training school in St. Thomas' Hospital, London, England, in 1860. Whereas modern nursing is less than a century old, nursing the sick is as old as Christianity itself.

In the face of this history, going back to the early Christian era, and more importantly, in view of the well known fact that we are in this Commonwealth presently confronted with a shortage of trained nurses necessitating the use of less formally trained persons in the care of the ill, it is sheer folly to suppose that the legislature intended giving greater consideration to registered or trained nurses than to those persons who, although not registered or formally trained, are engaged in similar work, even though of a somewhat less technical nature.

In analyzing the language of the statute, we view as the key to its purpose the words "involving exposure to such diseases," and the words which common knowledge and understanding would dictate as being correlative—"the occupation of nursing."

We might add, without professing special knowledge as to the incidence of contraction of the disease as between unregistered and registered nurses, that it may well be that the protection of the statute is more pressingly required by those without formal training in precautionary measures against exposure.

Likewise appellant's argument that the application of section 108 (*m*) should be limited to tuberculosis hospitals or sanitaria, is, in our opinion, without merit. The only qualification in the act respecting hospitals or sanitaria is that they should be hospitals or sanitaria "involving exposure to such disease." The record contains substantial testimony that claimant's duties

in Retreat State Hospital did in fact involve exposure to such disease.

Had the legislature meant to restrict the application of the act to tuberculosis hospitals or sanitaria, it might easily have made clear its intentions in that respect by the addition of the word "tuberculosis." Having failed to limit the application of the act, we must interpret the language therein as evincing the legislature's intention that it should have general application, qualified by the words "involving exposure to such disease." So, too, the use of the words "involving exposure to such disease" would have been totally unnecessary had it been the legislature's intention that it should apply only to tuberculosis hospitals and sanitaria, for it would be facetious to argue that there might be certain tuberculosis hospitals or sanitaria which would not involve exposure to such disease by persons engaged in the occupation of nursing therein.

Now, therefore, June 10, 1954, at 10 a.m. (E. D. S. T.), the exceptions of defendant are overruled, the appeal is dismissed, and the opinion of the Workmen's Compensation Board is affirmed; judgment is directed to be entered in favor of claimant, Robert W. Beggs, and against defendant, State Workmen's Insurance Fund. The State Workmen's Insurance Fund is directed to pay compensation to claimant for total disability at the rate of $29.15 per week beginning February 25, 1953, and continuing within the limits of the act. Compensation payments are to bear interest at the rate of six per cent per annum on the deferred payments in accordance with section 410 of the act.